IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA                :

                                        :

    -v-                                 :

MICHAEL MILLER,                         :

            Defendant.                  :     02-CR-181-S

                                        :

---

FILED
U.S. DISTRICT COURT
WD OF NY

FEB 23 2005

AT_____O'C____M.
BY_____
TITLE

## PLEA AGREEMENT

The defendant, MICHAEL MILLER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one count Superseding Information charging a violation of Title 21, United States Code, Section 844(a) (unlawful possession of a quantity of 1,4 - butanediol [BD], a Schedule I controlled substance analogue, knowing that the substance was intended for human consumption), which carries a maximum possible sentence of a term of imprisonment of one year, a fine of at least $1,000, and up to $100,000, or both, a mandatory $25 special assessment and a term of supervised release of 1 year. The defendant understands that the penalties

set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II. SENTENCING GUIDELINES

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

4. The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

that the defendant possessed a controlled substance analogue, that the defendant knew that the defendant possessed a controlled substance analogue, and that defendant knew that such controlled substance analogue was intended for human consumption.

5.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

>   a) On July 31, 2002, the Honorable William M. Skretny, United States District Judge, WDNY, issued an Order, bearing Miscellaneous Criminal Number 02-78, authorizing the interception of electronic communications, for a thirty day period, over websites operated by a Canadian identified as DANIEL PELCHAT. Those websites, known as CHEMSUPPLIERS.COM, PELCHATLABS.COM, CHEMS4U.COM, SOLVENTSPECIALIST.COM, and EUROPEANCOSMETICSLABS.COM, had as the result of an on-going investigation been identified as selling, among other things, quantities of 1-4, Butanediol (BD), a chemical which, when ingested by humans, is converted by the body into Gamma Hydroxybutyrate (GHB), a Schedule I controlled substance.
>
>   b) As a result of the foregoing Title III interception orders, on September 3, 2002, at approximately 7:29 p.m., an electronic communication was intercepted in which defendant MICHAEL MILLER placed an order for 600 ml. of ink spot remover (BD) from www.chemsuppliers.com. A delivery address of 76 Meigs Street, Rochester, New York was provided.
>
>   c) On September 18, 2002, agents of the United States Customs Service executed a federal search warrant on defendant's residence

located at 76 Meigs Street, Rochester, New York. During the execution of that warrant, agents discovered, *inter alia*, a quantity of BD. On that date, defendant also provided a written statement to federal agents in which he admitted that he had previously purchased 750 ml. of BD over the Internet and that the BD was for human ingestion.

d) BD meets the definition of controlled substance analogue, found at 21 U.S.C. § 802(32), and when intended for human consumption, BD is treated as Schedule I controlled substances under Title 21 of the United States Code (21 U.S.C. § 813).

e) approximately 1.35 liters of 1-4, butanediol (BD) is the amount involved in the defendant's relevant conduct encompassed in the Superseding Information which could be readily proven by the government against the defendant.

f) The facts set forth above are those about which the government had independent information prior to the time the defendant indicated a desire to cooperate with the government and agreed to give statements regarding the defendant's involvement in criminal activity. It is understood and agreed to by the parties that additional information provided by the defendant cannot be used against the defendant in accordance with U.S.S.G. § 1B1.8, Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, except as provided for herein.

6.   The government and the defendant agree that Guidelines § 2D2.1(a)(3) applies to the offense of conviction and provides for a base offense level of 4.

7.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 2.

8.  It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

9.  It is the understanding of the government and the defendant that, with a total offense level of 2 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $1,000 to $5,000, and a period of supervised release of 1 year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

10. The government and the defendant agree to recommend that the defendant be sentenced within the Sentencing Guidelines range set forth above. A breach of this paragraph by a party shall relieve the other party of any agreements made herein with respect to departure motions and recommendations regarding the sentence to be imposed. Additionally, pursuant to Rule 11(c)(1)(C), the defendant agrees and specifically represents that he will not request to be sentenced pursuant to the provisions of Title 18, United States Code, Section 3607(a). Should the defendant be sentenced pursuant to Section 3607(a), the parties will be relieved of their other obligations under this agreement~~, and the defendant may withdraw the plea of guilty~~.

11. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

III. **STATUTE OF LIMITATIONS**

12. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges

dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV.   GOVERNMENT RIGHTS AND RESERVATIONS

13.   At sentencing, the government agrees to not to oppose the recommendation that the defendant be placed on probation.

14.   The defendant understands that the government has reserved the right to:

> a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;
>
> b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

   c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

15. At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

16. The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government. As a condition of this agreement, the defendant voluntary waives, for all purposes, any right to request DNA testing of any such evidence.

### V. APPEAL RIGHTS

17. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised

release set forth in Section II, ¶9 above, notwithstanding the manner in which the Court determines the sentence.

18. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶9 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI. COOPERATION

20. The defendant will cooperate with the government by providing complete and truthful information regarding the

defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture or distribution of controlled substances. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

21. The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in federal, state and local courts in jurisdictions which have agreed to abide by this agreement.

22. In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession, manufacture or distribution of controlled substances, committed up to the date of

this agreement and about which the defendant provides complete and truthful information.

23. Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

24. The defendant understands that, notwithstanding the defendant's obligation to cooperate with the government as set forth in this agreement, the government will not file a motion pursuant to Guidelines §5K1.1 or Title 18, United States Code, Section 3553(e) for a downward departure from the defendant's sentencing range or pursuant to Rule 35(b) for a reduction of the defendant's sentence.

25. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

26. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

27. In the event the government believes the defendant has violated any of the conditions in the "Cooperation" section of this agreement, then the government may, before or after sentencing, petition the Court to declare that the defendant has breached this agreement and for an order relieving the government of its obligations under this agreement.

28. Whether or not the defendant has violated any of the conditions of this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation

by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

29. If this agreement is declared breached:

a. the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b. the government may withdraw any motion filed pursuant to Sentencing Guidelines §5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c. the defendant has no right to withdraw the plea of guilty;

d. the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e. the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

30. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request

that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines §5K1.1 and/or Title 18, United States Code, Section 3553(e).

31. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VII.   TOTAL AGREEMENT AND AFFIRMATIONS

32. This plea agreement represents the total agreement between the defendant, MICHAEL MILLER, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL A. BATTLE
United States Attorney
Western District of New York

BY: *(signature)*
JAMES P. KENNEDY, JR.
Assistant U. S. Attorney

Dated: __FEBRUARY 23__, 2005

I have read this agreement, which consists of 15 pages. I have had a full opportunity to discuss this agreement with my attorney, Marianne Mariano, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

*(signature)*
MICHAEL MILLER
Defendant

*(signature)* for
MARIANNE MARIANO, Esq.
Attorney for Defendant

Dated: __2/23__, 2005       Dated: __2/23__, 2005

-15-